UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SHAMONTE LUTHEAIRE MIMS | ) | |
| v. | ) | Case No. 2:23-cv-133 |
| | ) | |
| MICHELLE GILLAM, | ) | Judge Travis R. McDonough |
| TYLER BROOKS, and | ) | |
| SULLIVAN COUNTY CORRECTIONAL | ) | Magistrate Judge Cynthia W. Wyrick |
| FACILITY, | | |

## MEMORANDUM & ORDER

Plaintiff, an inmate of the Trousdale Turner Correctional Center ("TTCC"), has filed (1) a pro se complaint under 42 U.S.C. § 1983 alleging that his religious materials were confiscated by the Sullivan County Correctional Facility ("SCCF") upon his arrival there on September 1, 2023 (Doc. 1) and (2) a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, the Court will **GRANT** Plaintiff's motion, **DISMISS** this complaint because it fails to state a claim upon which relief may be granted under § 1983, and **PERMIT** Plaintiff to file an amended complaint.

### I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he cannot pay the filing fee in one lump sum. Accordingly, this motion (Doc. 4) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account

for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.  **Allegations of Complaint**

Plaintiff, a "full time Muslim" who prays five times daily, was transferred to the SCCF on September 1, 2023. (Doc. 1, at 3.) Upon his arrival at the facility, Lt. Gillam confiscated his Koran and kufi[1] cap. (*Id*. at 4.) Plaintiff advised the SCCF staff that these were religious items, but "they took them anyways" because Plaintiff "had a picture inside of [his] Koran that had toothpaste on the back of the picture." (*Id*.) Plaintiff told staff "what it was and they said they didn't care[,]" despite his repeated complaints. (*Id*.)

Aggrieved, Plaintiff filed the instant suit against Defendants Lt. Gillam, Sgt. Tyler Brooks, and the SCCF on September 4, 2023,[2] seeking $1 million and for "all Muslims to be able to practice Islam without getting harassed." (*Id*. at 5.)

---

[1] A kufi "is a small, round, head covering with religious significance for Muslims." *Muhammad v. Lynaugh*, 966 F.2d 901, 902 n.1 (5th Cir. 1992).

[2] A prisoner's petition is deemed "filed" when it is submitted to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) (holding pro se prisoner's notice of appeal filed at moment of delivery to prison authorities for forwarding to district court). Under Sixth Circuit precedent, the date Plaintiff signed the document is typically deemed the date of handing it to the prison authorities for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff signed his complaint on September 4, 2023, and therefore, the Court considers it filed as of that date.

### C. Analysis

First, the Court notes that to state a viable claim under § 1983 against an individual Defendant, Plaintiff must allege that through their "own individual actions" each Defendant "*personally* violated plaintiff's rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). Plaintiff's complaint contains no factual allegations against Defendant Sgt. Tyler Brooks. Accordingly, Plaintiff has failed to state a claim against Defendant Brooks, and he will be **DISMISSED**.

Second, Plaintiff has named the SCCF as a Defendant, but a county detention facility is not an entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, the SCCF will be **DISMISSED**.

Sullivan County itself, however, is a suable entity under § 1983, but only where Plaintiff sets forth facts from which the Court can plausibly infer that a custom or policy of Sullivan County caused a violation of his constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Plaintiff alleges facts that allow a plausible inference that Defendant Lt. Gillam confiscated his religious materials because of a policy or custom of Sullivan County concerning inmate property. Therefore, the Court will consider whether Plaintiff's allegations are sufficient to state a claim against Sullivan County.

Plaintiff's allegations against Sgt. Gillam and Sullivan County implicate the Free Exercise Clause of the First Amendment. "The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . . prohibiting the free exercise' of religion.'" *Fulton v. City of Philadelphia, Penn.*, 593 U.S. ___, 141 S. Ct. 1868, 1876 (2021). This right is not without limitations, however, because "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Accordingly, a prisoner's rights may be reasonably restricted to accommodate "legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Prisons must allow prisoners a reasonable opportunity to exercise their faith. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). To establish a free-exercise violation, Plaintiff must establish that: (1) the belief or practice asserted is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987) (internal citations and citation omitted). To be actionable, Defendants' infringement must place "a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). And "the Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). A burden is substantial where it (1) forces an individual to choose between following the tenets of his religion and foregoing governmental benefits or (2) places "substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" *Id.* at 734.

Plaintiff identifies as Muslim, and the Court assumes his religious beliefs are sincerely held. The Court also has no question that reading the Koran and wearing a kufi are religious practices. But Plaintiff has set forth no facts from which the Court could plausibly infer that the denial of his personal copy of the Koran or a kufi cap substantially burdened his ability to observe any central tenet of the Islamic faith.[3] Therefore, Plaintiff has not demonstrated that Defendants' confiscation of these items violated his right to the free exercise of his religion.

Additionally, Plaintiff filed the instant lawsuit three days after arriving at the SCCF. (*See generally*, Doc. 1.) And while it is unknown how long he remained there, the inmate accounting information accompanying his motion to proceed *in forma pauperis* indicates that he remained there less than two weeks, as he was housed at TTCC as of September 14, 2023. (*See* Doc. 4-1, at 1.) Therefore, any deprivation Plaintiff experienced at the SCCF was temporary in nature and of insufficient duration to constitute a substantial burden. *See, e.g.*, *Williams v. Bragg*, 537 F. App'x 468, 468–69 (5th Cir. 2013) (holding plaintiff did not establish substantial burden on his religious exercise by "occasional cancellation" of religious services); *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (finding no substantial burden where inmate alleged that on some occasions officials interfered with prayer). Accordingly, Plaintiff has not plausibly alleged a violation of his First Amendment right to free exercise of his religion, and Plaintiff's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted.

Nonetheless, the Court will allow Plaintiff an opportunity to submit additional factual allegations to support a finding that Defendants' actions substantially burdened the observation of some practice or belief central to Islam. Therefore, if Plaintiff wishes to further pursue this

---

[3] For example, Plaintiff does not allege that he had no access to a Koran while at the SCCF, and he does not allege that observation of his faith requires him to wear a kufi (or any headcover).

action, he **MUST** file an amended complaint with a short and plain statement of facts setting forth exactly how his religious beliefs or practices were substantially burdened within fourteen (14) days of entry of this Order. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should avoid making legal arguments in his amended complaint, and he may not include additional allegations that are unrelated to the confiscation of his Koran and kufi cap on September 1, 2023, at the SCCF. Instead, he should merely inform the Court, for example, (1) the reasons he was provided by Defendants for the confiscation of these materials; (2) the length of time he was deprived of his Koran and kufi cap at the SCCF; and (3) how the deprivation of these items infringed upon Plaintiff's observation of the Islamic faith. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will dismiss this action for failure to state a claim upon which relief may be granted and for failure to prosecute and comply with an order of the Court.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA,

which the Court will do as soon as practicable.  Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## III. CONCLUSION

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's complaint is **DISMISSED** because it fails to state a claim upon which relief may be granted under § 1983;

5. Plaintiff shall have fourteen (14) days from entry of this Order to submit an amended complaint in accordance with the directives above.  The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

6. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and comply with an order of the Court; and

7. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**