UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SHAMONTE LUTHEAIRE MIMS, ) | |
| ) | Case No. 2:23-cv-133 |
| Plaintiff, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Cynthia R. Wyrick |
| MICHELLE GILLAM, ) | |
| TYLER BROOKS, and ) | |
| SULLIVAN COUNTY CORRECTIONAL ) | |
| FACILITY, | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff filed this pro se prisoner's complaint under 42 U.S.C. § 1983 while housed in the Trousdale Turner Correctional Center (Doc. 1). On October 12, 2023, the Court entered an Order screening the complaint and providing Plaintiff fourteen (14) days within which to file an amended complaint. (Doc. 6, at 8.) The Court specifically warned Plaintiff that if he failed "to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and comply with an order of the Court." (*Id*.) The deadline has passed, and Plaintiff failed to file an amended complaint.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under

Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to follow an explicit direction of the Court. Second, the Court finds Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants, as they have not yet been served with process. Third, Plaintiff was expressly warned that failure to timely file an amended complaint would result in the dismissal of this case. (Doc. 6, at 8.) Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff's initial complaint failed to state a claim upon which § 1983 relief may be granted. (*See, generally*, Doc. 6.)

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** (1) for failure to state a claim upon which relief may be granted and (2) pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**